**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BRUCE ROBERTS, | : | Civil Action No. 03-2718 (MLC) |
| Petitioner, | : | |
| v. | : | **MEMORANDUM OPINION** |
| STATE OF NEW JERSEY, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

    BRUCE ROBERTS, #12042-050
    United States Penitentiary
    Lee County
    P.O. Box 305
    Jonesville, Virginia  24263-0305
    Petitioner Pro Se

    S. VINET BRYANT, Assistant Prosecutor
    JOSEPH L. BOCCHINI, JR., MERCER COUNTY PROSECUTOR
    P.O. Box 8068
    Trenton, New Jersey  08650
    Attorneys for Respondents

**COOPER,** District Judge

Bruce Roberts filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction in the Superior Court of New Jersey, Mercer County.  Respondents filed a motion to dismiss the Petition as untimely.  See 28 U.S.C. § 2244(d).  For the reasons expressed below, the Court dismisses the Petition as untimely and denies a certificate of appealability.

## I.  BACKGROUND

Petitioner challenges a judgment of conviction initially entered in the Superior Court of New Jersey, Mercer County, on

May 29, 1997, after he entered a guilty plea to robbery.  The Law Division sentenced him to a term of 18 years, with an eight-year period of parole ineligibility.[1]  Petitioner appealed, and on January 8, 1998, the Appellate Division affirmed.  The New Jersey Supreme Court denied certification on June 3, 1998.  State v. Roberts, 156 N.J. 382 (June 3, 1998) (table).

On August 24, 1999, Petitioner executed a pro se motion to vacate or set aside the conviction, which he filed in the Law Division.  By order filed November 28, 2000, the Law Division denied the motion to vacate the conviction, finding that Petitioner was not denied the effective assistance of counsel and that the guilty plea was knowing and intelligent.  However, the court amended the judgment of conviction to award 253 days of additional gap time credit against the sentence.  Petitioner appealed the denial of post-conviction relief, and in an opinion filed March 15, 2002, the Appellate Division affirmed.  On June 19, 2002, the Supreme Court of New Jersey denied certification. State v. Roberts, 174 N.J. 42 (June 19, 2002) (table).

On May 31, 2003, Petitioner executed the § 2254 Petition which is now before this Court.  The Clerk received it on June 6, 2003.  The Court notified Petitioner of the consequences of

---

[1] The Law Division amended the judgment of conviction.  As the sentence was mistakenly imposed to run concurrently to the federal sentence Petitioner was serving, the judgment was amended to run the sentence consecutively.  The Law Division also amended the judgment of conviction to give Petitioner additional gap time credit against the 18-year sentence.

filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).

The Petition asserts four grounds, none of which raises a right newly recognized by the United States Supreme Court:

> Ground One:  Ineffective Assistance of Counsel.
>
> Ground Two:  Plea entered not voluntarily.
>
> Ground Three:  Ineffective Assistance of Counsel at the Post Conviction Proceedings.
>
> Ground Four:  Petitioner was denied a fair hearing during Post Conviction proceedings as the result of counsel[']s deficient performance.

(Pet. ¶ 12.A. to 12.D.)

Respondents filed a motion to dismiss the Petition as untimely, with certified copies of the state court filings. Petitioner filed a brief, arguing that Respondents' calculations are incorrect because they neglected to recognize that the Supreme Court of New Jersey denied certification on June 19, 2002, regarding post-conviction relief.

## II.  DISCUSSION

A.  Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody

3

pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions: statutory tolling and equitable tolling. Merritt, 326 F.3d at 161; Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). Section 2244(d)(2) requires statutory tolling under certain circumstances: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The AEDPA statute of limitations also is `subject to equitable tolling. Miller, 145 F.3d at 618. The one-year limitations period is subject to equitable tolling "only in the

4

rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).  Equitable tolling is appropriate

> only when the principle of equity would make the rigid application of a limitation period unfair.  Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights.  The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims.  Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (internal citations and alterations omitted); see also Merritt, 326 F.3d at 168.

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim.  See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).  Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768,

773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

In this case, the applicable limitations provision is § 2244(d)(1)(A).  The Supreme Court of New Jersey denied Petitioner's petition for certification on direct review by order filed June 3, 1998.  The statute of limitations therefore began to run on September 1, 1998, the date on which the judgment became final by the expiration of the time for filing a petition for certiorari in the United States Supreme Court.  See Long v. Wilson, 393 F.3d 390 394 (3d Cir. 2004) (judgment becomes final after time for seeking discretionary review expires when discretionary review is not sought); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) (if defendant does not file certiorari petition in United States Supreme Court, judgment of conviction becomes final when time for seeking certiorari review expires); 28 U.S.C. § 2244(d)(1)(A).

The limitations period ran for 357 days until it was statutorily tolled on August 24, 1999, when Petitioner signed his post-conviction motion.  Statutory tolling continued until the Supreme Court of New Jersey denied certification on June 19, 2002.  The limitations period picked up on June 20, 2002, and ran for another eight days until it expired on June 28, 2002.  Petitioner did not execute his § 2254 Petition until May 31, 2003, 11 months after the statute of limitations expired.

6

Petitioner has not argued that the limitations period should be equitably tolled.  The Court has reviewed the submissions of the parties and discerns no extraordinary circumstances warranting equitable tolling.  Because there are no extraordinary circumstances warranting equitable tolling, the Court holds that the instant § 2254 Petition is barred by the one-year statute of limitations.  Accordingly, the Court dismisses the Petition with prejudice as untimely.  28 U.S.C. § 2244(d)(1).

B.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held:  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

The Court will deny a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find

it debatable that dismissal of the Petition as untimely is correct.

### III.   CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus with prejudice as untimely and denies a certificate of appealability.

                                                    s/ Mary L. Cooper
                                                **MARY L. COOPER**
                                                United States District Judge